UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB HELLENBERG,

        Plaintiff,                                     No. 10-CV-11364

vs.                                                  Hon. Gerald E. Rosen

INTEGRATED DEICING SERVICES, LLC,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        February 1, 2011

        PRESENT:    Honorable Gerald E. Rosen
                                  United States District Chief Judge

I. INTRODUCTION

        This Fair Labor Standards Act matter is presently before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint. Plaintiff has responded and Defendant has replied. Having reviewed the parties' briefs and the record as a whole, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide Defendant's motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiff Jacob Hellenberg is a former employee of Defendant Integrated Deicing Services, LLC ("IDS"). *See* Complaint, ¶ 2. IDS employed Hellenberg as a mechanic at Detroit Metropolitan Airport to maintain its fleet of deicing trucks from August 2, 2007 through December 12, 2009. *Id.* at ¶ 9.

In his Complaint, Hellenberg claims that from the time when he commenced his employment in August 2007 until the summer of 2009, he and other employees kept time logs. He claims that he and his co-workers were told not to report the time accurately on the time logs, and that even for documented time over 40 hours, they received only "comp" time, at a straight time basis. *See* Complaint ¶ 12. Plaintiff concedes, however, that during this time period, he was paid on a salaried basis. *Id.*

However, during the summer of 2009, Defendant changed the employees' employment status to hourly-paid employees. *Id.* at ¶ 13. Employees thereafter had to punch in and out on a time clock. *Id.* According to Plaintiff's Complaint, "Although IDS paid some overtime, it readjusted the times on the computer and did not pay the full amount of overtime" due. *Id.*

On April 6, 2010, Plaintiff filed a Complaint alleging one count of violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"). Plaintiff brings this Complaint ostensibly on his own behalf and on behalf of other similarly-situated IDS employees who may "opt into this litigation under the FLSA," *id.* at ¶ 10, claiming that

Defendants failed to pay them "overtime" for all hours worked in excess of 40 hours as required under the FLSA for non-exempt employees. *Id.* at ¶¶11, 15, 17. He also claims that employees were not properly paid on a salary basis. *Id.* at ¶¶ 11, 17.

Defendant now moves to dismiss Plaintiff's Complaint claiming that Plaintiff's Complaint "fails to state a claim upon which relief may be granted because he does not plead enough factual matter to give rise to a plausable [sic] entitlement to relief." [Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, p. 3.]

### III.  ANALYSIS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual

allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. Asking for plausible grounds, however, "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the plaintiff's claim. *Id.* at 556, 127 S.Ct. at 1965. It matters not that it may "strike[] a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation omitted). All that is required is that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. The Court will apply these standards in deciding Defendant's Motion to Dismiss.

B.   DISMISSAL OF PLAINTIFF'S COMPLAINT IS NOT WARRANTED

The requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5); *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008). Contrary to Defendant's assertion, Federal courts in the aftermath of *Twombly* and *Iqbal* have held that extensive pleading is not required in the context of an FLSA claim. *See e.g.*, *Mathis v. Quicken Loans, Inc.*, 2007 WL 3227598 (E.D. Mich. 2007) (complaint satisfied *Trombly* standard where plaintiffs alleged that defendants are employers as defined by the FLSA, briefly described

their job functions and alleged that they routinely worked in excess of forty hours per workweek during the statutory period without overtime compensation); *Uribe v. Mainland Nursery, Inc*., 2007 WL 4356609, at *2-3 (E.D.Cal. 2007) (plaintiffs who alleged they were non-exempt employees who had not been compensated at the appropriate overtime rates had satisfied the standard set forth in *Twombly*); *Xavier v. Belfor USA Group, Inc*., 2009 WL 411559 (E.D.La. 2009) (plaintiffs alleged they routinely worked more than forty hours per week, were not paid overtime compensation, and were covered employees); *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3-4 (S.D. Tex. 2009) (refusing to dismiss FLSA claim under *Iqbal* despite lack of "detailed factual allegations" where plaintiffs alleged that they were classified as non-exempt, that they regularly worked more than 40 hours per week and were not paid overtime rates); *Haskins v. VIP Wireless Consulting*, 2009 WL 4639070, at *7 (W.D.Pa. 2009) (applying *Iqbal*, dismissal of complaint inappropriate where plaintiff alleged that he worked more than 40 hours per workweek and did not receive overtime compensation); *Hawkins v. Proctor Auto Serv. Center, LLC*, 2010 WL 1346416, at * 1 (D.Md. 2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied *Iqbal* ); *Kemp v. Frank Fletcher Companies, Ltd*., 2010 WL 4096564 (E.D. Ark. 2010).

Defendant contends that Plaintiff's Complaint in this case is deficient because it fails to show that Defendant knew that Plaintiff or any other employees ever worked

more than 40 hours, and thus required an increased rate of pay for overtime. The Court disagrees. Although Plaintiff's Complaint does not use the word "knowingly," such knowledge may be inferred from the totality of the allegations that "employees were told not to report the[ir] time accurately," that "[a]lthough IDS paid some overtime, it readjusted the times on its computer" and "did not pay the full amount of overtime," and that "Defendant's conduct was willful."

Defendant further contends that Plaintiff's Complaint fails to allege that Plaintiff and the other similarly-situated employees *performed work* for which they were not paid. Plaintiff alleged that he was employed as a mechanic to maintain IDS's fleet of deicing trucks at Metro Airport and that Defendant failed to pay him (and his similarly-situated co-workers) "for all hours worked in excess of 40 hours." Complaint, ¶¶ 9, 11. Defendant claims this is insufficient because "many mechanics fall within the broad motor carrier exemption [of the FLSA] which would preclude any entitlement to overtime as a matter of law." Memorandum in Support of Motion to Dismiss, p. 8. This, however, is a defense which Defendant may develop during discovery.[1]

---

[1] In its Reply Brief, Defendant for the first time raises an additional argument: that Plaintiff was not covered by the FLSA during his employment with IDS because IDS is a company that contracts with air carriers to deice airplanes, and as a result, its employees are subject to the Railway Labor Act. (The FLSA does not cover air carrier employees who are subject to the RLA. *See* 29 U.S.C. § 213(b).) However, it is well-settled that a movant cannot raise new issues for the first time in a reply brief. *See e.g., Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) ( citing *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich.2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise

In sum, although Defendant may have preferred more detailed facts, such details are not necessary in the pleadings stage. *See Twombly*, 127 S.Ct. at 1965. Plaintiff's complaint sufficiently puts Defendant on notice of the nature of the suit and the facts supporting Plaintiff's assertions.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint **[Dkt. # 3]** is DENIED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: February 1, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2011, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager

---

issues for the first time") (citation omitted))." In any event, as with Plaintiff's Motor Carrier exemption argument, whether IDS is sufficiently under the direction or control of an airline that it could be considered a "carrier" under the RLA so as to render its employees subject to the FLSA's air carrier exemption is a matter which requires factual development through discovery.